OPINION
{¶ 1} Defendant-appellant, Jeffrey Haney, appeals his conviction and sentence in the Clermont County Court of Common Pleas for two counts of murder, one count of felonious assault, and one count of tampering with evidence. We affirm the conviction, but we reverse as to sentencing only.
 {¶ 2} On January 25, 2003, appellant and his estranged wife, Robin Haney, were visiting the apartment of William Brittain in Union Township, Ohio. Appellant and Robin Haney had been living separately for approximately six months, during which time she became involved in an intimate relationship with Brittain. Appellant maintained a friendship with Brittain despite the relationship between Brittain and Robin Haney. That day, appellant assisted Brittain in moving out of Brittain's apartment. The three consumed alcohol and smoked marijuana during that time.
 {¶ 3} Later that evening, appellant, Brittain, and Robin Haney went to a local bar where more alcoholic drinks were consumed. They returned to Brittain's apartment in Brittain's car because neither appellant nor Robin Haney had a driver's license. Back at the apartment, Robin Haney testified that appellant asked Brittain to place "something" in his beverage. She stated that appellant was "very aware" of what Brittain was giving him although she could not verify whether Brittain actually placed any drug in appellant's drink. At some point in the evening, Robin Haney removed a knife that Brittain had carried in his belt and playfully teased Brittain that she would cut her hair with it. She dropped the knife when Brittain reached for it and tickled her.
 {¶ 4} Later still, appellant sought to have sexual intercourse with Robin Haney. Robin Haney, hoping that appellant would soon pass out, agreed to lie with him in Brittain's bedroom, but she did not consent to have sex. Appellant, however, insisted despite her refusals. Appellant then pulled out Brittain's knife, began slashing at Robin Haney, and said, "If I can't have you, nobody will." Robin Haney received cuts on her arms and behind her ear. In response to her cries for help, Brittain entered the room and pushed appellant off of her. Brittain had thought appellant slapped Robin Haney. Brittain was unaware that appellant had his knife.
 {¶ 5} Brittain and Robin Haney went to the bathroom to inspect her injuries. Appellant followed soon after, still brandishing the knife. There was a struggle and appellant stabbed Brittain twice in the upper torso. Brittain fell to the floor and began bleeding profusely. Robin Haney went to Brittain's side. After the stabbing, appellant did not allow Robin Haney to call emergency 911. He threatened to kill her if she moved away from Brittain's body. Appellant, in an effort to create a false story of an intruder, retrieved Brittain's work boots, dipped them in Brittain's blood, and made footprints around the apartment. Appellant also threw the knife into the snow outside of the apartment. He called 911, some ten minutes after the stabbing, and said that an intruder had entered the apartment, stabbed Brittain, and fled through the sliding glass doors.
 {¶ 6} At approximately 2:00 a.m., Officer Greg Jasper arrived on the scene. Appellant told the police officer the same story. Appellant and Robin Haney were separated at which point Robin Haney informed the police that appellant stabbed Brittain. Appellant was placed in handcuffs by Detective Keith Puckett and read his Miranda warning as he was transported to the Union Township police department. Appellant maintained his story that an intruder stabbed Brittain. Back at the apartment, a police dog located the knife outdoors, but did not locate the scent of any tracks leading from the apartment.
 {¶ 7} At the police department, appellant was interrogated by Detective Anthony Rees. Appellant received a Miranda warning and signed a written waiver of his rights. Appellant changed his story and said that Brittain had hit him though no injuries were detected on his person. After being informed that Brittain in fact died as a result of the injuries, appellant stated, "Oh God, I must have killed him." He repeated a similar statement while being transported to the Clermont County Jail.
 {¶ 8} Appellant was charged in two separate indictments. The cases were consolidated and the counts renumbered accordingly: Count 1-aggravated murder pursuant to R.C. 2903.01(A); Count 2 — murder pursuant to R.C. 2903.02(B); Count 3 — felonious assault of Robin Haney pursuant to R.C. 2903.11(A)(2); and Count 4 — tampering with evidence pursuant to R.C. 2921.12(A)(1). At a jury trial, appellant was found guilty on Count 1 of the lesser included offense of murder pursuant to R.C. 2903.02(A), and guilty on the remaining charges. The trial court imposed concurrent prison sentences of 15-years to life for Counts 1 and 2. The trial court also imposed a four-year term for the felonious assault and a two-year term for the tampering with evidence, counts to be served consecutively to each other and to the 15-year term for an aggregate term of 21 years to life. Appellant appeals the conviction and sentence raising seven assignments of error.
 {¶ 9} Assignment of Error No. 1:
 {¶ 10} "THE JUDGMENTS OF CONVICTION ARE CONTRARY TO LAW AND TO THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES IN THAT THERE WAS INSUFFICIENT EVIDENCE ADDUCED TO ESTABLISH EACH AND EVERY ELEMENT OF EACH OFFENSE BEYOND A REASONABLE DOUBT."
 {¶ 11} Assignment of Error No. 3:
 {¶ 12} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY DENYING HER [sic] MOTIONS FOR JUDGMENT OF ACQUITTAL PURSUANT TO CRIM. R. 29."
 {¶ 13} In the first and third assignments of error, appellant argues that there was insufficient evidence to support his convictions. Appellant argues that he was involuntarily intoxicated by Brittain and thus did not possess the requisite mental state to commit the crimes of murder, felonious assault, and tampering with evidence.
 {¶ 14} In reviewing a record for sufficiency, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Tenace, 109 Ohio St.3d 255, 260,2006-Ohio-2417, ¶ 37, citing State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus. A motion for acquittal under Crim.R. 29(A) is governed by the same standard as the one for determining whether a verdict is supported by sufficient evidence. See State v. Carter, 72 Ohio St.3d 545, 553, 1995-Ohio-104; State v. Thompkins, 78 Ohio St.3d 380, 386, 1997-Ohio-52.
 {¶ 15} Appellant was found guilty of murder under R.C.2903.02(A) in Count 1 and murder under R.C. 2903.02(B) in Count 2.
 {¶ 16} R.C. 2903.02 states, in pertinent part, the following:
 {¶ 17} "(A) No person shall purposely cause the death of another or the unlawful termination of another's pregnancy.
 {¶ 18} "(B) No person shall cause the death of another as a proximate result of the offender's committing or attempting to commit an offense of violence that is a felony of the first or second degree * * *."
 {¶ 19} Appellant was found guilty of felonious assault under R.C. 2903.11 in Count 3 with respect to Robin Haney. Felonious assault of Brittain was also the underlying, predicate offense of appellant's murder conviction in Count 2.
 {¶ 20} R.C. 2903.11(A)(2) states:
 {¶ 21} "No person shall knowingly * * * [c]ause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance."
 {¶ 22} Under Count 4, appellant was found guilty of tampering with evidence under R.C. 2921.12.
 {¶ 23} R.C. 2921.12 states, in pertinent part, the following:
 {¶ 24} "(A) No person, knowing that an official proceeding or investigation is in progress, or is about to be or likely to be instituted, shall do any of the following:
 {¶ 25} "(1) Alter, destroy, conceal, or remove any record, document, or thing, with purpose to impair its value or availability as evidence in such proceeding or investigation."
 {¶ 26} Appellant alleges that there was insufficient evidence to support the convictions because he was involuntarily intoxicated. Appellant points to the testimony of Robin Haney that Brittain stated that "he was going to give [appellant] something" as the only evidence to support this claim. However, Robin Haney's complete testimony undermines appellant's ability to make this assertion. Robin Haney testified that appellant was "very aware" of what Brittain was giving him, and that appellant even "had asked [Brittain] for something." Moreover, Robin Haney stated that she never saw Brittain place anything in appellant's drink. Viewed in a light most favorable to the prosecution, appellant's intoxication was voluntary.
 {¶ 27} Prior to October 2000, evidence of voluntary intoxication was available as an affirmative defense in instances where a defendant was charged with a specific intent crime and could demonstrate that he was "so intoxicated as to be mentally unable to intend anything." State v. Otte, 74 Ohio St.3d 555,564, 1996-Ohio-108. However, pursuant to R.C. 2901.21(C), as amended effective October 27, 2000, "voluntary intoxication may not be taken into consideration in determining the existence of a mental state that is an element of a criminal offense." Thus, the defense of voluntary intoxication is not available. See State v.Terzo, Butler App. No. CA2002-08-194, 2003-Ohio-5983.
 {¶ 28} To determine whether there was sufficient evidence to find appellant possessed the requisite intent to commit the crimes, we examine R.C. 2901.22. Defining culpable mental states, R.C. 2901.22 provides, in pertinent part, the following:
 {¶ 29} "(A) A person acts purposely when it is his specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is his specific intention to engage in conduct of that nature.
 {¶ 30} "(B) A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."
 {¶ 31} After a thorough review of the record, we find that there was sufficient evidence that appellant possessed the requisite mental states to commit murder, felonious assault, and tampering with evidence. Robin Haney testified that appellant cut her with Brittain's knife. She received injuries on her arms and behind her ear. Afterwards, appellant fought with Brittain. Appellant stabbed him twice in the chest with the same knife. Fearing the imminent arrival of the police, appellant did not call 911 and he prevented Robin Haney from doing so. In the meantime, appellant dipped Brittain's boots in Brittain's pooled blood to create footprints throughout the apartment. Appellant hoped the footprints would support his false story that an intruder killed Brittain. Appellant also attempted to conceal the knife which was found outside the apartment in the snow where it was located by a police dog.
 {¶ 32} Viewing the evidence in a light most favorable to the state, a rational trier of fact could have found that appellant acted with specific intent to cause Brittain's death and to alter or conceal evidence knowing that an official proceeding or investigation was likely to be instituted. There was also sufficient evidence showing that appellant knowingly caused physical harm with the knife against both Robin Haney and Brittain. Accordingly, the first and third assignments of error are overruled.
 {¶ 33} Assignment of Error No. 2:
 {¶ 34} "THE JUDGMENT OF CONVICTION IS CONTARY TO THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 35} In the second assignment or error, appellant again argues that he was involuntarily intoxicated. He claims that the weight of the evidence shows that he did not "purposely" or "knowingly" commit the crimes.
 {¶ 36} An appellate court considering a manifest weight claim "review[s] the entire record, weighs the evidence and all reasonable inferences, [and] considers the credibility of witnesses." State v. Hancock, 108 Ohio St.3d 57, 2006-Ohio-160, ¶ 39, citing State v. Martin (1983), 20 Ohio App.3d 172, 175. The relevant determination is "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed." Id., citing State v. Martin, 20 Ohio App.3d at 175. See, also, State v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52.
 {¶ 37} Appellant's argument is without merit. A review of the record reveals an overwhelming amount of evidence that appellant, despite his intoxication, was very aware of what he was doing and later, of what he had done. At trial, there was evidence that appellant was upset that he could not have intercourse with Robin Haney. Using Brittain's knife, appellant attacked her, causing injuries to her arms and behind her ear. He then fought with Brittain and twice stabbed him in the chest. Appellant later sought to cover up what had happened.
 {¶ 38} Testimony at trial revealed that appellant recognized the import of his actions. Appellant appeared coherent at the scene of the crime and maintained the claim that an intruder had caused Brittain's death. However, upon further questioning, appellant changed his account of events that night and alleged that Brittain first brandished the knife against him. Later, after hearing that Brittain died as a result of the stab wounds, appellant made comments on two separate occasions in which he acknowledged that he killed him. The jury did not lose its way when it found appellant guilty of murder, felonious assault, and tampering with evidence. The second assignment of error is overruled.
 {¶ 39} Assignment of Error No. 4:
 {¶ 40} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY REFUSING TO INSTRUCT THE JURY ON THE LESSER INCLUDED OFFENSE OF INVOLUNTARY MANSLAUGHTER AS TO THE MURDER COUNT (COUNT 2), IN VIOLATION OF APPELLANT'S RIGHT TO DUE PROCESS OF LAW UNDER THEFOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION, AND ART. I. § 16 OF THE OHIO CONSTITUTION."
 {¶ 41} In the fourth assignment of error, appellant argues that the trial court erred when it did not instruct the jury on involuntary manslaughter as a lesser included offense of the aggravated murder charge in Count 1 and the felony murder charge in Count 2. Appellant argues that a jury could have found that he did not have the specific intent to kill Brittain. Appellant points to the trial court's inclusion of a jury instruction regarding the lesser included offense of voluntary manslaughter on the aggravated murder charge in Count 1.
 {¶ 42} Appellant also alleges that since the trial court included the voluntary manslaughter jury instruction with respect to Count 1, a corresponding jury instruction of involuntary manslaughter was warranted with respect to Count 2. He claims that a reasonable jury could have found that he did not knowingly commit the underlying predicate offense of felonious assault against Brittain.
 {¶ 43} There is a two-pronged analysis to determine whether a jury instruction on a lesser included offense is warranted. First, the trial court must determine whether the offense in the requested instruction is a lesser included offense of the charged crime. State v. Thomas (1988), 40 Ohio St.3d 213, 215-216. Second, the trial court must determine whether the evidence at trial would reasonably support both an acquittal of the crime charged and a conviction of the lesser included offense. Statev. Kidder (1987), 32 Ohio St.3d 279, 280. In making this second determination, a trial court must view the evidence in a light most favorable to the defendant. State v. Smith,89 Ohio St.3d 323, 331, 2000-Ohio-166.
 {¶ 44} An offense is considered to be a lesser included offense of another if "(i) the offense carries a lesser penalty than the other; (ii) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (iii) some element of the greater offense is not required to provide the commission of the lesser offense." State v. Deem (1988),40 Ohio St.3d 205, 209.
 {¶ 45} In Count 1, appellant was charged with aggravated murder pursuant to 2903.01(A) which states, "No person shall purposely, and with prior calculation and design, cause the death of another or the unlawful termination of another's pregnancy."
 {¶ 46} In Count 2, appellant was charged with felony murder pursuant to R.C. 2903.02(B). As described earlier, R.C.2903.02(B) states, "No person shall cause the death of another as a proximate result of the offender's committing or attempting to commit an offense of violence that is a felony of the first or second degree * * *."
 {¶ 47} R.C. 2903.04(A) defines involuntary manslaughter, in pertinent part, as follows:
 {¶ 48} "No person shall cause the death of another or the unlawful termination of another's pregnancy as a proximate result of the offender's committing or attempting to commit a felony."
 {¶ 49} Involuntary manslaughter under R.C. 2903.04(A) is a lesser included offense of both aggravated murder and murder.State v. Lynch, 98 Ohio St.3d 514, 2003-Ohio-2284, ¶ 79. However, a jury instruction on the lesser included offense is not necessary unless the evidence presented at trial would support a guilty finding of only the lesser included offense.
 {¶ 50} With respect to Count 1, appellant's counsel only requested a jury instruction on the lesser included offense of voluntary manslaughter. He did not request an instruction on involuntary manslaughter. A defendant's failure to request a jury instruction at trial waives all error but plain error. See Statev. Goodwin, 84 Ohio St.3d 331, 347, 1999-Ohio-356; see, also,State v. Nipper, Butler App. No. CA2002-06-135, 2003-Ohio-4449, ¶ 25. Plain error does not exist unless, but for the error, the outcome of the trial would have been different. State v.Waddell, 75 Ohio St.3d 163, 166, 1996-Ohio-100. Notice of plain error "is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus.
 {¶ 51} In this case, appellant cannot show that the outcome of the trial would have been different had a jury instruction on involuntary manslaughter been included with respect to Count 1. On Count 1, the jury found that there was evidence to support a conviction of murder under 2903.02(A), a lesser included offense of aggravated murder but a greater offense than voluntary manslaughter. Thus, the trial court did not err when it did not instruct the jury on involuntary manslaughter on Count 1.
 {¶ 52} With respect to Count 2, the felony underlying appellant's felony murder charge was felonious assault. As mentioned earlier, R.C. 2903.11(A)(2) states, in pertinent part, the following:
 {¶ 53} "No person shall knowingly * * * [c]ause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance."
 {¶ 54} Appellant argues that there was evidence that he did not act knowingly when he committed felonious assault against Brittain. However, in determining whether a different underlying felony would make the involuntary manslaughter instruction available, we are left to consider aggravated assault under R.C.2903.12.
 {¶ 55} R.C. 2903.12 states, in pertinent part, the following:
 {¶ 56} "(A) No person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly:
 {¶ 57} "(1) Cause serious physical harm to another or to another's unborn;
 {¶ 58} "(2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance, * * *"
 {¶ 59} We find that there was no evidence at trial to reasonably support an aggravated assault charge. Specifically, we find that there was no evidence to support the conclusion that appellant was under the influence of sudden passion or extreme emotional stress as occasioned by Brittain.[1] At trial, evidence was presented that appellant became angry because Robin Haney refused to have sexual intercourse with him. Appellant assaulted Robin Haney and Brittain tried to intervene. Brittain did not provoke appellant.
 {¶ 60} Furthermore, even if the refusal to instruct the jury on involuntary manslaughter was error, it was harmless. If the jurors believed appellant was under a sudden fit of passion brought on by serious provocation occasioned by Brittain, they could have found appellant guilty of voluntary manslaughter, the lesser included offense in Count 1. See State v. Conway,108 Ohio St.3d 214, 2006-Ohio-791, ¶ 139. The jurors rejected that option and instead found that appellant acted purposely when it convicted appellant under the lesser included offense of murder under R.C. 2903.02(A) in Count 1.
 {¶ 61} Therefore, we find that the trial court did not err when it did not give jury instructions on involuntary manslaughter on both Counts 1 and 2. Accordingly, the fourth assignment of error is overruled.
 {¶ 62} Assignment of Error No. 5:
 {¶ 63} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN OVERRULING HIS MOTION TO SUPPRESS EVIDENCE, IN VIOLATION OF HIS RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION, AND ART. I. § 10 OF THE OHIO CONSTITUTION."
 {¶ 64} In the fifth assignment of error, appellant argues that certain statements made to police should have been suppressed. Appellant also claims that the trial court erred when it admitted a soundless videotape of his interrogation with Detective Rees into evidence.
 {¶ 65} Appellant presents no specific arguments as to what statements may have been obtained in violation of Miranda v.Arizona (1966), 384 U.S. 436, 444, 86 S.Ct. 1602, and his right against self-incrimination as provided for by the Fifth andFourteenth Amendments of the United States Constitutions. Because appellant fails to present any specific argument with respect to appellant's statements made to the police, we disregard this portion of the assignment of error for failure to comply with App.R. 12(A)(2) and App.R. 16(A)(7). See State v. Watson
(1998), 126 Ohio App.3d 316, 321.
 {¶ 66} With respect to the alleged erroneous admittance of the silent videotape of the interrogation, appellant's own counsel offered the videotape into evidence. Any error that may have resulted from the admission of this evidence constitutes invited error. Under the invited error doctrine, "a party will not be permitted to take advantage of an error which he himself invited or induced the trial court to make." State ex rel.Bitter v. Missig, 72 Ohio St.3d 249, 254, 1995-Ohio-147, citingState ex rel. Fowler v. Smith, 68 Ohio St.3d 357, 359, 1994-Ohio-302. In this case, appellant originally submitted the tape into evidence at trial. He cannot now, on appeal, complain about its prejudicial effect. Accordingly, the fifth assignment of error is overruled.
 {¶ 67} Assignment of Error No. 6:
 {¶ 68} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT'SSIXTH AMENDMENT RIGHT TO TRIAL BY JURY, AND TO DUE PROCESS OF LAW, IN VIOLATION, RESPECTIVELY, OF THE SIXTH AND THEFOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION, AND ART. I. §§ 9 AND 16 OF THE OHIO CONSTITUTION, BY (1) IMPOSING A PRISON SENTENCE, AND (2) BY IMPOSING A SENTENCE OF MORE THAN THE MINIMUM PRISON SENTENCE, WHERE THE FINDINGS NECESSARY TO SUCH SENTENCES WERE MADE BY THE TRIAL COURT, NOT BY THE JURY, AS REQUIRED BY THE U.S. AND OHIO CONSTITUTIONS."
 {¶ 69} In the sixth assignment of error, appellant argues the trial court erred when it relied upon statutory findings to determine his sentences for felonious assault and tampering with evidence in violation of his Sixth Amendment right to a jury trial and the rule set forth by the United States Supreme Court in Blakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531.
 {¶ 70} We first note that appellant's sixth assignment of error does not apply to the fifteen years to life sentences imposed on the murder Counts 1 and 2 pursuant to R.C. 2903.02(D) and R.C. 2929.02(B). R.C. 2929.02(B) provides only one punishment, an indefinite term of fifteen years to life, for an offender convicted of murder in violation of R.C. 2929.03. No additional findings are required, thus Blakely is not implicated by this sentencing statute. See State v. Orta,
Defiance App. No. 4-05-36, 2006-Ohio-1995, ¶ 19-20.
 {¶ 71} We now address whether appellant's sentences for felonious assault and tampering with evidence were proper. The Ohio Supreme Court recently found portions of Ohio's statutory sentencing scheme unconstitutional in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856. The court held R.C. 2929.14(B) and R.C.2929.19(B)(2), concerning statutory findings needed prior to imposing more than the minimum term, were unconstitutional. Id. at ¶ 97-99. The court further held R.C. 2929.14(E)(4) and R.C.2929.41(A), concerning the imposition of consecutive sentences, were unconstitutional. Id. The court severed these sections from the sentencing code, thus eliminating judicial fact-finding prior to the imposition of a sentence within the basic ranges of R.C.2929.14(A) as previously required. Id. at ¶ 100.[2]
 {¶ 72} The Foster court instructed that all cases pending on direct review in which the unconstitutional sentencing provisions were utilized must be remanded for resentencing.Foster at ¶ 104. Given the fact that unconstitutional sentencing provisions were utilized by the trial court in this case, we must remand this case for resentencing, consistent withFoster with respect to appellant's sentences on Counts 3 and 4 as well as the decision that they be served consecutively to each other and the sentences on Counts 1 and 2. On remand, the trial court will have full discretion to impose sentences within the statutory range and is no longer required to make findings or give reasons for imposing consecutive or more than minimum sentences. The sixth assignment of error is sustained.
 {¶ 73} Assignment of Error No. 7
 {¶ 74} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT'S RIGHT TO DUE PROCESS OF LAW AND HIS EIGHTH AMENDMENT RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMBENT BY IMPOSING A SENTENCE GREATER THAN THAT PERMITTED BY LAW."
 {¶ 75} In the seventh assignment of error, appellant argues that the imposition of a sentence greater than that permitted by law constitutes cruel and unusual punishment. The seventh assignment of error is moot based upon our disposition as to the sixth assignment of error.
 {¶ 76} Having reviewed the assignments of error, the judgment of the trial court is reversed as to sentencing only with respect to Counts 3 and 4, and the decision that they be served consecutively to each other and to the sentences imposed in Counts 1 and 2. This case is remanded for resentencing in accordance with this opinion.
 {¶ 77} Judgment reversed as to sentencing only and remanded for resentencing.
Walsh, P.J., and Bressler, J., concur.
[1] The fact that the trial court gave a jury instruction on voluntary manslaughter under R.C. 2903.03 (requiring defendant to have acted under the influence of sudden passion brought on by serious provocation of victim) is not before this court. We have limited our discussion to whether the court erred when it refused to provide jury instructions on involuntary manslaughter.
[2] In State v. Foster, the Ohio Supreme Court did not address R.C. 2929.02(B) and it was not found unconstitutional like the aforementioned provisions concerning the imposition of more than minimum and consecutive sentences.