OPINION
{¶ 1} Defendant-appellant, Phillip Robinson, appeals his conviction in the Washington Court House Municipal Court, for assault. We affirm the conviction.
 {¶ 2} On October 7, 2005, Washington Court House Police Patrolman Jeff Heinz responded to a report of a stabbing at 1129 Willard Street in Washington Court House. After interviewing those at the scene, he determined that there had not been a stabbing, but a fight. He determined that appellant was the primary aggressor and arrested him. Appellant was charged with domestic violence and assault, and the matter proceeded to trial. *Page 2 
 {¶ 3} At trial, the three people involved provided differing testimony regarding the incident. The victim, Gary Leisure, testified that he was visiting his sister who lives at the residence. He witnessed a dispute between appellant and appellant's brother, Duane Wilson, which arose after Leisure's sister alleged that appellant made unwanted sexual advances towards her. A heated argument developed between appellant and Wilson. Wilson punched the wall, injuring his hand. Leisure testified that, at this point, the two brothers began pushing and holding one another. The altercation moved to the front porch. Leisure testified that Wilson was trying to free himself from appellant, who had him pinned against the wall. Leisure attempted to aid Wilson by putting appellant in a headlock and pulling him away from Wilson. Appellant struggled with Leisure, and the two fell off the porch. They continued to struggle and appellant "smacked" Leisure in the face with the palm of his hand.
 {¶ 4} Wilson testified that he confronted appellant over the allegation that he had made unwanted sexual advances toward Leisure's sister, his girlfriend. Wilson testified that as the dispute escalated, he pushed appellant away, and cut his hand when he hit a picture frame on the wall. Appellant then pinned him against the wall. Leisure came to his assistance and struggled with appellant. Wilson did not witness anyone strike anyone else.
 {¶ 5} Appellant testified that, while he was trying to calm Wilson, Leisure hit him from behind with a skateboard, and he fell. He testified that Leisure approached him from behind and put him in a headlock. The two struggled for some time, appellant freed himself, and the altercation ended. Appellant testified that he did not strike Leisure.
 {¶ 6} Appellant was acquitted of the domestic violence charge, but found guilty of assaulting Leisure. He appeals, raising two assignments of error:
 {¶ 7} Assignment of Error No. 1:
 {¶ 8} "THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR *Page 3 
ACQUITTAL AS TO THE CHARGES WHEN THE STATE FAILED TO PRESENT SUFFICIENT EVIDENCE TO SUSTAIN A CONVICTION."
 {¶ 9} When reviewing a trial court's denial of a Crim. R. 29 motion and the sufficiency of the evidence underlying a criminal conviction, an appellate court examines the evidence in order to determine whether the evidence, if believed, would support a conviction. Crim. R. 29; State v.Prater, Butler App. No. CA2006-01-017, 2006-Ohio-7028, ¶ 14, citingState v. Jenks (1991), 61 Ohio St.3d 259. "[Sufficiency is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law." State v. Thompkins,78 Ohio St.3d 380, 386, 1997-Ohio-52. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Haney, Clermont App. No. CA2005-07-068, 2006-Ohio-3899, ¶ 14.
 {¶ 10} Appellant was charged with assault, in violation of Washington Court House City Code 135.03(A). This section states that "no person shall knowingly cause or attempt to cause physical harm to another[.]"
 {¶ 11} Review of the record demonstrates that the state presented evidence, which, if believed, supports the conviction. Leisure testified that he came to Wilson's aid and attempted to break up the argument by putting appellant in a headlock. He and appellant struggled with one another, and appellant "smacked" him in the face with his open palm. While appellant argues that reasonable minds could reach differing conclusions based on this evidence, when reviewing a conviction for sufficiency of the evidence, this court must view the evidence "in a light most favorable to the prosecution." Haney at ¶ 14.
 {¶ 12} Appellant further contends that dismissing the domestic violence charge, while failing to grant his Crim. R. 29 motion with regard to the assault charge, is inconsistent. We *Page 4 Fayette CA2006-04-015 disagree. The charges represent distinct offenses with different alleged victims. The fact that the state presented sufficient evidence that appellant assaulted Leisure, but failed to present sufficient evidence that appellant committed domestic violence against Wilson, is not contradictory. The assignment of error is overruled.
 {¶ 13} Assignment of Error No. 2:
 {¶ 14} "APPELLANTS CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 15} While sufficiency of the evidence concerns the state's burden to produce evidence on each element of the crime charged sufficient for the matter to be submitted to the jury, manifest weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other." Thompkins, 78 Ohio St.3d at 387. When reviewing a claim that a conviction is against the manifest weight of the evidence, an appellate court reviews the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way, creating such a manifest miscarriage of justice that the conviction must be reversed. State v. Hancock,108 Ohio St.3d 57, 2006-Ohio-160, ¶ 39, quoting State v. Martin (1983),20 Ohio App.3d 172, 175.
 {¶ 16} Although a reviewing court considers the credibility of the witnesses in a weight of the evidence review, "that review must nevertheless be tempered by the principle that weight and credibility are primarily for the trier of fact," in this case the trial court, as it is in "the best position to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." State v.Kash, Butler App. No. CA2002-10-247, 2002-Ohio-415, ¶ 25, citingState v. DeHass (1967), 10 Ohio St.2d 230. *Page 5 
 {¶ 17} Appellant points out his testimony that Leisure initiated the contact with him as appellant was attempting "to be the peacemaker with [ ] Wilson." Although not specifically argued by appellant, his testimony suggests that Leisure was the aggressor and that he acted in self-defense. However, Leisure's testimony, relied upon by the trial court, indicates that Leisure was acting in Wilson's defense when appellant struck him. Appellant, in order to avail himself of the defense of self-defense, must demonstrate that he "was not at fault in creating the situation giving rise to the affray." State v. Jackson
(1986), 22 Ohio St.3d 281, 283-284.
 {¶ 18} The trial court considered appellant's version of the events and weighed that version against the other testimony presented at trial. In doing so, the trial judge determined the credibility of witnesses and the weight to be given the evidence. "Where reasonable minds can reach differing conclusions upon conflicting evidence, a determination as to what occurred is a question for the trier of fact. It is not the function of an appellate court to substitute its judgment for that of the fact finder." Jenks, 61 Ohio St.3d at 279. Having reviewed the record in this case, we find that appellant's conviction on the assault charge was not against the manifest weight of the evidence. The state presented evidence which, if believed by the trial court, would allow it to conclude that all of the elements of assault were proven beyond a reasonable doubt. The assignment of error is overruled.
 {¶ 19} Judgment affirmed.
 YOUNG, P.J., and BRESSLER, J., concur. *Page 1