OPINION
{¶ 1} Defendant-appellant, Johnetta Sprinkle, appeals the decision of the Warren County Court of Common Pleas convicting her of interference with custody. We affirm appellant's conviction.
 {¶ 2} Appellant and Nicky McGuire married in 1995 and had a child, who was approximately eight years old at the time of the trial. Appellant and McGuire divorced in 1997 and subsequently entered into a shared-parenting agreement ("the agreement"). Under the agreement, appellant was granted parenting time with the child every other weekend and on *Page 2 
alternate weeks, Monday through Friday, 4:00 p.m. to 9:00 p.m. The agreement also provided appellant with parenting time with the child for two continuous weeks during the summer, but only upon 30-days written notice to McGuire. Either parent could modify the agreement upon the other's consent.
 {¶ 3} In accordance with the agreement, appellant was scheduled to have parenting time with the child from Friday, July 15, 2005, until Sunday, July 17, 2005. McGuire was aware that appellant had planned to take the child with her to Corbin, Kentucky, and he agreed the child could remain with appellant until Monday, July 18, 2005.
 {¶ 4} Appellant failed to return with the child on July 18, 2005. McGuire contacted appellant in Kentucky several times throughout the week and reported appellant's violation of the agreement to Officer Smith of the Franklin Police Department on July 22, 2005. Officer Smith then contacted appellant and informed her of McGuire's complaint that she was in violation of the agreement. Appellant returned with the child on July 25, 2005, and was later arrested.
 {¶ 5} A Warren County Grand Jury indicted appellant on one count of interfering with custody in violation of R.C. 2919.23(A). The case proceeded to jury trial on July 11, 2006. The jury found appellant guilty as charged. As a result, the court sentenced appellant to 90 days in jail with work release and three years of community control. Appellant timely appealed, raising two assignments of error.
 {¶ 6} Assignment of Error No. 1:
 {¶ 7} "THE TRIAL COURT IMPROPERLY ALLOWED A POLICE OFFICER TO SPECULATE ABOUT THE APPELLANT IN HIS TESTIMONY, WHICH UNFAIRLY PREJUDICED HER RIGHT TO A FAIR TRIAL."
 {¶ 8} Appellant argues that the trial court improperly admitted statements made by Officer Smith regarding what he thought appellant should have done under the *Page 3 
circumstances and what he would have done if he were facing a criminal charge. Specifically, appellant argues that the following testimony given by Officer Smith in his redirect examination was irrelevant, improper and unfairly prejudicial:
 {¶ 9} "Q: Did the defendant ever tell you that she had permission to keep the child for this eight or ten days?
 {¶ 10} "A: No, she did not.
 {¶ 11} "Q: That would be a reasonable thing for her to say after you told her you've got to bring the child back because you're facing charges, wouldn't it be?
 {¶ 12} "A: Yes, sir . . .
 {¶ 13} "[Appellant's attorney]: Objection, Judge, to the term `reasonable' or not. I think that's speculative.
 {¶ 14} "The Court: Overruled.
 {¶ 15} "[State's attorney]: You may answer.
 {¶ 16} "A: Yes, it would.
 {¶ 17} "Q: Why is that?
 {¶ 18} "A: Well, if I was facing a criminal charge, I would try to explain why I was committing such a crime.
 {¶ 19} "Q: And she never did, did she?
 {¶ 20} "A: No."
 {¶ 21} This testimony was given after appellant's attorney ended the cross-examination of the officer by asking whether, during his telephone conversation with appellant, he ever asked her if she had consent to keep the child. The officer replied that he did not ask her. Then, on re-direct, the state followed up with the challenged line of questioning quoted above. *Page 4 
 {¶ 22} Generally, the decision to admit or exclude relevant evidence is within the sound discretion of the trial court. State v.Rivera-Carillo, Butler App. No. CA2001-03-054, 2002-Ohio-1013. In this case, however, appellant's objection to the testimony during the trial only dealt with the term "reasonable" and whether it was speculative. Therefore, we review her challenge to the testimony's relevance and prejudicial value for plain error only. Id.
 {¶ 23} An appellate court need not consider an error not called to the trial court's attention at a time when the error could have been avoided or corrected by that court. State v. Williams (1977), 51 Ohio St.2d 112,117. "Accordingly, a claim of error in such a situation is usually deemed to be waived absent plain error." State v. Hill (2001),92 Ohio St.3d 191, citing Crim.R. 52(B).
 {¶ 24} Pursuant to Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." The rule places three limitations on an appellate court's decision to correct an error, despite the absence of a timely objection at trial: (1) there must be an error; (2) the error must be plain, or an "obvious defect in the trial proceedings"; and (3) the error must have affected the outcome of the trial. State v.Barnes (2001), 94 Ohio St.3d 21, 27, (citations omitted).
 {¶ 25} Even if a forfeited error satisfies these requirements, however, Crim.R. 52(B) does not demand that an appellate court correct it. Id. Notice of plain error "is to be taken with the utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice." State v. Haney, Clermont App. No. CA2005-07-068, 2006-Ohio-3899, at ¶ 50, quoting State v. Long (1978),53 Ohio St.2d 91, paragraph three of the syllabus.
 {¶ 26} Determining whether an error occurred is the starting point of the plain error inquiry. State v. Hill (2001), 92 Ohio St.3d 191. Relevant evidence is evidence that tends to make the existence of any fact of consequence to the outcome of the action more or less *Page 5 
probable than it would be without that evidence. State v. Sage (1987),31 Ohio St.3d 173, 180; Ohio Evid.R. 401. Ohio Rule of Evidence 403(A) requires that evidence, although relevant, must be excluded when the danger of unfair prejudice substantially outweighs its probative value.
 {¶ 27} In considering the officer's statement in the context of his entire testimony, we cannot find any obvious error in admitting the statement. The officer's testimony was given in a follow-up line of questioning by the prosecutor after the defense attorney purportedly attempted to elicit testimony that appellant, in her conversation with Officer Smith, did not have the opportunity to state she had consent to keep the child. Furthermore, this re-direct examination occurred after Officer Smith had already testified that he spoke to appellant on the phone after McGuire came into the police department to file a report and that appellant told him that McGuire needed "to do what he has to do because she wasn't coming back." Further, Officer Smith testified that he advised her of the charges and complaint and gave her an opportunity to bring the child back as soon as possible, but appellant refused. Therefore, in the context of Officer Smith's entire testimony, we cannot find that it was obvious error to admit the challenged testimony.
 {¶ 28} Even if the court erred in admitting Officer Smith's testimony, and the error was obvious, appellant cannot show that the outcome of the trial would have been different had the trial court excluded the challenged testimony. There was ample evidence to support the jury's guilty finding independent of Officer Smith's challenged testimony. McGuire testified that in his conversation with appellant on Tuesday, July 19, 2005, appellant told him that she was not going to bring their daughter back immediately because McGuire "had enough time with her and it was [appellant's] time to spend with her," "it was her daughter, too," and that appellant "could do what she wanted to, regardless of what the parenting order stated." He also testified that he made several phone calls to appellant before he contacted the Franklin *Page 6 
Police Department, and appellant hung upon him several times after he demanded she bring their daughter back home. He stated that he decided to go to the police after appellant told him that he would not see his daughter again. McGuire also testified that he had agreed to modify the agreement so that appellant could extend her parenting time until Monday, July 18, 2005, but never consented to any additional modifications.
 {¶ 29} In addition to the testimony by Officer Smith and McGuire, appellant herself acknowledged in her cross-examination that she kept her daughter in violation of the agreement. She testified that she was not exercising her summer parenting time or holiday time. Further, when asked, "So what you're saying is if you just told him you were going to stay, it didn't matter if he agreed or not?" she answered, "Right. Because I am the mother. I did give birth to her. I think I have a right in this, too."
 {¶ 30} Later, in her cross-examination, appellant gave the following testimony:
 {¶ 31} "Q: So it's true, then, isn't it, that [McGuire] never specifically gave you permission to keep [the child] in Kentucky for seven days?
 {¶ 32} "A: Not for seven days, no.
 {¶ 33} "Q: So you're admitting, then, aren't you, that there was never an agreement between you and [McGuire] that you could keep [the child] for this length of time? [Objection omitted.]
 {¶ 34} "A: Yes."
 {¶ 35} It was never disputed that appellant kept the child beyond the time provided for in the agreement. Accordingly, we do not find that plain error occurred by admission of the challenged testimony. Appellant's first assignment of error is overruled.
 {¶ 36} Assignment of Error No. 2:
 {¶ 37} "THE TRIAL COURT'S [sic] IMPROPERLY DENIED APPELLANT'S MOTION TO DISMISS AND IT'S [sic] DECISION WAS AGAINST THE MANIFEST WEIGHT OF THE *Page 7 
EVIDENCE."
 {¶ 38} In her second assignment of error, appellant first argues that the trial court erred in denying her Crim.R. 29(A) motion for judgment of acquittal, that R.C. 2919.23 was not intended to apply to her as a parent in a shared parenting agreement, and that the court's interpretation of the statute in conjunction with the facts of this case is contrary to law.
 {¶ 39} Pursuant to Crim.R. 29(A), a court shall not enter a judgment of acquittal unless "the evidence is insufficient to sustain a conviction of such offense." In reviewing evidence for its sufficiency, a court assesses not whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction. State v. Thompkins, 78 Ohio St.3d 380, 390, 1997-Ohio-52. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. A court should grant the Rule 29(A) motion "only where reasonable minds could not fail to find reasonable doubt." State v.Apanovitch (1987), 33 Ohio St.3d 19, 23.
 {¶ 40} In order for the jury to find appellant guilty of R.C.2919.23(A), the state of Ohio had to prove that appellant, knowing she was without privilege to do so or was reckless in that regard, took, kept, or harbored a child under the age of 18 from the parent, guardian or custodian of that child. Appellant asserts that the statute does not apply in the context of a shared parenting plan because she is the custodial parent of the child so long as the child is with her pursuant to R.C. 3109.04. Therefore, appellant argues, that although she allegedly kept the child in violation of the agreement, she had "custody" and could not have violated the criminal statute. We disagree.
 {¶ 41} A parent with visitation rights under a court order can be charged with violating R.C. 2919.23 if she keeps her child without privilege to do so. State v. Brickies (Sept. 3, *Page 8 
1999), Montgomery App. No. 98-CRB-1054, 1999 WL 957643; see, also,State v. West (Apr. 24, 2002), Highland App. No. 01CA10, 2002-Ohio-2114. In Brickles, the primary case cited by appellant, a father kept his daughter in violation of a visitation order. The father argued that R.C.2919.23 could not apply to a parent with visitation rights. The court of appeals, however, found that a plain reading of the statute "does not exclude parents with visitation from its reach." Brickles,1999 WL 957643 at *5.
 {¶ 42} Although appellant in this case attempts to distinguishBrickles by arguing that the father was a party to a visitation arrangement rather than a shared parenting plan, we find her argument without merit. In Brickles, the father attempted to distinguish his case from that of another case where the parent had no visitation rights and was convicted under the same statute. The court was unable "to draw a principled exception to the statute based solely on the existence of visitation rights." Brickles, 1999 WL 957643 at *5. The court found that in both cases, the parents' natural privileges regarding custody were limited by court order, and because the privileges granted by the visitation order were specific to the times listed, the father's situation was not distinguishable.
 {¶ 43} As in Brickles, appellant's natural parenting privileges were limited by the court-ordered agreement. During appellant's trial, the state presented the agreement that specified McGuire as the residential parent for school and holiday purposes and provided that appellant have parenting time "alternate weekends, Friday 4:00 p.m. until Sunday 6:00 p.m. . . . and alternate weeks Monday through Friday 4:00 p.m. to 9:00 p.m." The agreement also gave appellant two weeks of uninterrupted summer parenting time upon 30-day prior written notice to McGuire. The plan specified that McGuire "shall have parenting time at all other times" and that the schedule "may be modified upon parent's [sic] mutual agreement." Therefore, we find appellant's argument that R.C. 2919.23
does not apply to her situation without merit. *Page 9 
 {¶ 44} In addition, the state presented evidence sufficient to sustain a conviction of such offense pursuant to Crim.R. 29(A). McGuire testified that he had consented to allowing appellant to keep their daughter until Monday, July 18, 2005, but not until July 25, 2005. This testimony was supported by the fact that McGuire had only packed enough clothes for their daughter to last two or three days. Also, McGuire testified that appellant originally told him that she would return in "two or three days" or "a few days." Further, McGuire testified that in response to his phone call informing appellant that her parenting time was over, appellant told him that she was not coming back to Ohio and that he would not see his daughter again.
 {¶ 45} McGuire's testimony was consistent with Officer Smith's testimony of his conversation with appellant. Officer Smith testified that in his conversation with appellant, he notified appellant of the complaint made by McGuire, to which appellant only responded by saying that McGuire could do what he had to do, because she was not coming back. Further, appellant herself denied that she was exercising the two-week summer parenting time provided for in the agreement. Appellant also admitted that she kept her daughter for ten days contrary to the agreement and had no justification for doing so other than her status as the child's mother. Therefore, the state presented sufficient evidence to show that appellant, in violating the agreement, knowingly kept her daughter from McGuire, the parent who was to have physical custody of the child pursuant to the agreement, without privilege to do so.
 {¶ 46} Second, appellant argues that her conviction is against the manifest weight of the evidence. When reviewing the manifest weight of the evidence to determine whether reversal is warranted, the court reviews the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether, in resolving conflicts in the evidence, the jury clearly lost its way, creating such a manifest miscarriage of justice that the court must reverse the conviction and order a new trial. State *Page 10 v. Thompkins, 78 Ohio St.3d. 380, 387, 1997-Ohio-52. A court should only exercise its discretionary power to grant a new trial in the exceptional case in which the evidence weighs heavily against the conviction. Id. When reviewing the evidence, an appellate court must be mindful that the original trier of fact was in the best position to judge the credibility of witnesses and the weight to be given to the evidence. State v.DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 47} In reviewing the entire record and weighing the evidence and all reasonable inferences, we cannot determine that the jury clearly lost its way and created a manifest miscarriage of justice that would cause us to reverse appellant's conviction. As previously discussed, the state presented ample evidence to support appellant's conviction. Furthermore, the testimony of the state's witnesses combined with appellant's own admissions in her cross-examination proved beyond a reasonable doubt that (1) appellant did not have the right to keep her daughter during the week of July 19-25, 2005, (2) McGuire was the residential parent of their child during that time, and (3) appellant knew that she was keeping her daughter, without privilege to do so, in violation of R.C. 2919.23. Accordingly, appellant's second assignment of error is overruled.
 {¶ 48} Judgment affirmed.
 WALSH and POWELL, JJ., concur. *Page 1