[Cite as *State v. D.F.*, 2017-Ohio-534.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 104410**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## D.F.

DEFENDANT-APPELLANT

---

## JUDGMENT:
VACATED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. AC 15118072

**BEFORE:** Stewart, P.J., S. Gallagher, J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** February 16, 2017

**ATTORNEY FOR APPELLANT**

Tyresha Brown-O'Neal
614 West Superior Avenue, Suite 1144
Cleveland, OH 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

Shannon M. Raley
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH 44113

MELODY J. STEWART, P.J.:

{¶1} Having been convicted of a single count of interference with custody in violation of R.C. 2919.23(A)(1), defendant-appellant D.F. requested that this appeal be placed on this court's accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1. By doing so, she has agreed that we may render a decision in "brief and conclusionary form" consistent with App.R. 11.1(E).

{¶2} We sustain D.F.'s first assignment of error regarding the sufficiency of the evidence to support the conviction. The state failed to prove that D.F. acted knowingly or recklessly without privilege to keep her child beyond the terms of the parenting schedule.

{¶3} The child's father (the custodial parent) testified that he and D.F. often deviated from the parenting schedule, including the incident forming the basis for the complaint. Although the father testified that he did not give D.F. permission to keep their child for the period in question, there was no evidence to prove that the parties actually discussed the child's return date. With no evidence of any specific understanding as to when the child would be returned, and the fact that the parties routinely deviated from the parenting schedule, the father's testimony regarding his subjective understanding of the matter did not prove what D.F. knew or should have understood. And although the father testified that he attempted to call or text message D.F. to inquire about the child's return, he did so for only one day, with no evidence that D.F. received those calls or messages. The father testified that the prosecuting attorney's office told him to stop trying to contact her after the first day.

{¶4} Unlike scenarios that demonstrate a defendant's culpable mental state to prove interference with custody, *see, e.g., State v. Sprinkle*, 12th Dist. Warren No. CA2003-08-101, 2007-Ohio-4967, in this case, the state offered insufficient evidence to prove beyond a reasonable doubt that D.F. knowingly or recklessly kept their child without privilege to do so.

{¶5} Judgment vacated and remanded to the trial court for further proceedings consistent with this opinion.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court — juvenile division to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
MELODY J. STEWART, PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
FRANK D. CELEBREZZE, JR., J., CONCUR