[Cite as *State v. Suggs*, 2016-Ohio-5692.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

ANTHONY SUGGS

    Appellant

C.A. Nos.     27812
                  27865
                  27866

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE Nos.    CR 2012 03 0638
              CR 2014 03 0883
              CR 2014 07 2219

DECISION AND JOURNAL ENTRY

Dated: September 7, 2016

---

HENSAL, Judge.

{¶1} Anthony Suggs appeals three judgments of the Summit County Court of Common Pleas that sentenced him to a total of 17 years imprisonment. For the following reasons, this Court affirms.

I.

{¶2} According to Betty B., on July 24, 2015, Mr. Suggs, her ex-boyfriend, came to her house looking for her. When she went outside to talk to him, he immediately struck her, causing her to temporarily lose consciousness. When she came to, she was back inside her house, and Mr. Suggs was still attacking her. At some point, Mr. Suggs got a knife from the kitchen and held it to her throat. He then forced her upstairs and into the bathroom. He also allegedly reached into her bra and took money that she was keeping there. By this time,

however, police had responded to emergency calls placed by the others in the house. After kicking through the front door of the house, the responding officers came upstairs with their firearms drawn. Upon seeing the officers, Mr. Suggs attempted to crawl out the bathroom window, but they dragged him back inside. After handcuffing Mr. Suggs, they searched him and found cocaine.

{¶3} The Grand Jury indicted Mr. Suggs for aggravated robbery, aggravated burglary, kidnapping, felonious assault, possession of cocaine, obstructing official business, and resisting arrest. At trial, the jury found him guilty of kidnapping, the lesser-included offense of assault, possession of cocaine, obstructing official business, and resisting arrest. The trial court sentenced him to a total of 12 years for those offenses. That same day, it also sentenced him in two other cases. Finding that he had violated the community control he was under for a previous offense, the court sentenced him to two years imprisonment. It also sentenced him to three years imprisonment for trafficking in cocaine and heroin offenses that arose out of a separate incident. The court ordered Mr. Suggs to serve his prison terms in each of the three cases consecutively for a total of 17 years. Mr. Suggs has appealed, assigning five errors.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED BY ENTERING A JUDGMENT OF CONVICTION AS TO COUNT FIVE, KIDNAPPING AS A FELONY OF THE 1ST DEGREE, AND SENTENCING ACCORDINGLY, AS THE VERDICT FORM WAS SUFFICIENT ONLY FOR A FELONY OF THE 2ND DEGREE.

{¶4} Mr. Suggs argues that the trial court incorrectly concluded that his kidnapping offense was a felony of the first degree. He argues that, because the jury's verdict did not include the degree of the offense or any aggravating elements, it was a finding of guilt of the least severity, a felony of the second degree.

{¶5} Revised Code Section 2945.75(A)(2) provides that, "[if] the presence of one or more additional elements makes an offense one of more serious degree[,] [a] guilty verdict shall state either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present. Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged." In *State v. Pelfrey*, 112 Ohio St.3d 422, 2007-Ohio-256, the Ohio Supreme Court held that, "[p]ursuant to the clear language of R.C. 2945.75, a verdict form signed by a jury must include either the degree of the offense of which the defendant is convicted or a statement that an aggravating element has been found to justify convicting a defendant of a greater degree of a criminal offense." *Id*. at syllabus.

{¶6} Section 2905.01(C)(1) classifies kidnapping as a felony of the first degree unless the offender "releases the victim in a safe place unharmed[.]" Under those circumstances, kidnapping is a felony of the second degree. *Id*. The Ohio Supreme Court has held that the statutory provision reducing the offense level of kidnapping "is not an element of the offense; rather, the accused must plead and prove it in the fashion of an affirmative defense." *State v. Sanders*, 92 Ohio St.3d 245, 265 (2001). "Accordingly, no aggravating or additional element must be proved by the State to elevate kidnapping to a felony of the first degree. Instead, the defendant bears the burden of establishing the existence of a mitigating factor which might reduce the offense level." *State v. Anderson*, 9th Dist. Summit No. 26640, 2014-Ohio-1206, ¶ 30, *reversed on other grounds* by *State v. Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089.

{¶7} Mr. Suggs argues that there was evidence of the mitigating circumstances in the record, noting that the incident occurred in Betty B.'s home and that he left her in the company of her friends and family. Mr. Suggs, however, did not "release" Betty B. until he saw the responding officers and attempted to flee through the bathroom window. *See State v. Jackson*,

10th Dist. Franklin No. 89AP-1015, 1990 WL 122569, *7 (Aug. 23, 1990) ("[A] defendant fails to establish the mitigating circumstance of having released the victim in a safe placed unharmed when the evidence shows that the victim was released *only* because they were liberated by the police."). In addition, the jury did not find that he left her "unharmed," finding him guilty of assaulting her. R.C. 2905.01(C)(1). We, therefore, conclude that the trial court did not violate Section 2945.75 or *Pelfrey* when it determined that Mr. Suggs's kidnapping offense was a felony of the first degree. Mr. Suggs's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED BY NOT GRANTING SUGGS['S] MOTION FOR MISTRIAL BASED ON THE PROSECUTOR'S STATEMENT DURING CLOSING ARGUMENT.

{¶8} Mr. Suggs next argues that the trial court should have declared a mistrial because the prosecutor told the jury during closing argument that Mr. Suggs "was enraged. He had a knife. He was going to kill Betty [B.]" According to Mr. Suggs, because he was not accused of attempted murder and there was no evidence that he tried to kill Ms. B., the prosecutor's statements were improper and denied him of the right to a fair trial.

{¶9} In deciding whether a prosecutor's conduct rises to the level of prosecutorial misconduct, a court determines if the prosecutor's actions were improper, and, if so, whether the defendant's substantial rights were actually prejudiced. *State v. Smith*, 14 Ohio St.3d 13, 14 (1984). "[A] judgment may only be reversed for prosecutorial misconduct when the improper conduct deprives the defendant of a fair trial." *State v. Knight*, 9th Dist. Lorain No. 03CA008239, 2004-Ohio-1227, ¶ 6. "The touchstone of the analysis 'is the fairness of the trial, not the culpability of the prosecutor.'" *State v. Diar*, 120 Ohio St.3d 460, 2008-Ohio-6266, ¶ 140, quoting *Smith v. Phillips*, 455 U.S. 209, 219 (1982).

{¶10}  The Ohio Supreme Court has explained that "both the prosecution and the defense have wide latitude in summation as to what the evidence has shown and what reasonable inferences may be drawn therefrom." *State v. Lott*, 51 Ohio St.3d 160, 165 (1990), quoting *State v. Stephens*, 24 Ohio St.2d 76, 82 (1970).  "A prosecutor may state his opinion if it is based on the evidence presented at trial." *State v. Watson*, 61 Ohio St.3d 1, 10 (1991).  Betty B. testified that, when Mr. Suggs held the knife to her throat, he told her that, although he was going to jail, he was going to "make it worth it."  Another resident of the house testified that, when Mr. Suggs had Betty B. in the bathroom, Mr. Suggs told her that she was "going to die."  In light of their testimony, we conclude that the prosecutor's statement was supported by the evidence and did not constitute misconduct.  Mr. Suggs's second assignment of error is overruled.

## ASSIGNMENT OF ERROR III

A.    MR. SUGGS WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL WHEN THE TRIAL COUNSEL FAILED TO ASK FOR THE JURY INSTRUCTION FOR LESSER INCLUDED OFFENSES OF KIDNAPPING.

B.    MR. SUGGS WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL WHEN HIS TRIAL COUNSEL FAILED TO OBJECT TO THE INADEQUATE VERDICT FORM.

{¶11}  Mr. Suggs argues that his trial counsel was ineffective because he should have requested an instruction on abduction or unlawful restraint as lesser-included offenses of kidnapping and requested that those options be included in the verdict forms.  To prevail on a claim of ineffective assistance of counsel, Mr. Suggs must establish (1) that his counsel's performance was deficient to the extent that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and (2) that but for his counsel's deficient performance the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  A deficient performance is one that falls below an objective standard of

reasonable representation. *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph two of the syllabus. A court, however, "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland* at 689, quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955). In addition, to establish prejudice, Mr. Suggs must show that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different. *Id*. at 694.

{¶12} "In Ohio, there is a presumption that the failure to request an instruction on a lesser-included offense constitutes a matter of trial strategy * * *." *State v. Hernon*, 9th Dist. Medina No. 3081-M, 2001 WL 276348, *4 (Mar. 21, 2002). Mr. Suggs has not identified anything in the record that demonstrates that his counsel's failure to request lesser included offense instructions "was anything other than a tactical election to seek an acquittal rather than a conviction on the lesser-included offense[s]." *State v. DuBois*, 9th Dist. Summit No. 21284, 2003-Ohio-2633, ¶ 6. We, therefore, conclude that Mr. Suggs has not established ineffective assistance of counsel. *Id*. His third assignment of error is overruled.

ASSIGNMENT OF ERROR IV

CONVICTION OF SUGGS FOR KIDNAPPING WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, AS THE JURY CLEARLY LOST ITS WAY IN DETERMINING THAT SUGGS COMMITTED KIDNAPPING OFFENSE.

{¶13} Mr. Suggs also argues that his kidnapping conviction is against the manifest weight of the evidence. If a defendant asserts that his convictions are against the manifest weight of the evidence:

[A]n appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way

and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). Weight of the evidence pertains to the greater amount of credible evidence produced in a trial to support one side over the other side. *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997). An appellate court should only exercise its power to reverse a judgment as against the manifest weight of the evidence in exceptional cases. *State v. Carson*, 9th Dist. Summit No. 26900, 2013–Ohio–5785, ¶ 32, citing *Otten* at 340.

{¶14} The indictment alleged that Mr. Suggs committed kidnapping under either Section 2905.01(A)(2) or (3). Those sections provide that "[n]o person, by force, threat, or deception * * * by any means, shall remove another from the place where the other is found or restrain the liberty of the other person * * * (2) [t]o facilitate the commission of any felony * * * [or] (3) [t]o terrorize, or to inflict serious physical harm on the victim * * *." R.C. 2905.01(A)(2-3). On its verdict form, the jury wrote that it found Mr. Suggs guilty of the offense of kidnapping, "in violation of §2905.01(A)(2)/(A)(3)."

{¶15} Mr. Suggs argues that, to find him guilty of kidnapping, the jury would have had to believe that he committed a felonious assault or caused serious physical harm to Ms. B. He notes, however, that the jury acquitted him of felonious assault, thereby finding that he did not cause serious physical harm to Ms. B. or cause or attempt to cause physical harm to her by means of a deadly weapon. *See* R.C. 2903.11(A) (specifying the elements of felonious assault). He, therefore, argues that the jury's findings are inconsistent, indicating that it clearly lost its way when it found him guilty of kidnapping.

{¶16} Mr. Suggs's argument overlooks the fact that one can commit kidnapping under Section 2905.01(A)(3) by terrorizing an individual while removing or restraining the individual. Because "terrorize" is not defined by the Revised Code, Ohio courts have defined it according to

its common usage, which is "to fill with terror or anxiety." *State v. Chasteen*, 12th Dist. Butler No. CA2007-12-308, 2009-Ohio-1163, ¶ 21, quoting *State v. Eggleston*, 11th Dist. Lake No. 2008-L-047, 2008-Ohio-6880, fn.1; *see also State v. McDougler*, 8th Dist. Cuyahoga No. 86152, 2006-Ohio-100, ¶ 16; *State v. Leasure*, 6th Dist. Lucas No. L-02-1207, 2003-Ohio-3987, ¶ 47.

**{¶17}** Ms. B. testified that, after they were back inside her home, Mr. Suggs grabbed her hair and tried to make her go upstairs. When she resisted, he took her over to the kitchen instead and, grabbing a knife, told her that he was "going to make it worth it." He placed the knife against her throat and again told Ms. B. that, although he was going to prison, it was going to be worth it. Mr. Suggs then took her back over to the staircase. Ms. B. testified that, around that time, she fell over, so Mr. Suggs began kicking her, directing her toward the stairs and she eventually made it up the stairs and into the bathroom.

**{¶18}** Upon review of the record, we conclude that Mr. Suggs's statements to Ms. B. and his actions with the knife support a finding that he terrorized her while restraining her. Accordingly, we cannot say that the jury lost its way when it found him guilty of kidnapping. Mr. Suggs's fourth assignment of error is overruled.

ASSIGNMENT OF ERROR V

THE TRIAL COURT ERRED WHEN IT IMPROPERLY IMPOSE[D] MAXIMUM AND CONSECUTIVE SENTENCE[S].

**{¶19}** Mr. Suggs's final argument is that the trial court's improperly ordered him to serve some of his sentences consecutively. He argues that the court failed to make the findings required under Revised Code Section 2929.14(C)(4).

**{¶20}** Section 2929.14(C)(4) provides:

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect

the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

If a court does not make the factual findings required by Section 2929.14(C)(4), prison terms are served concurrent to any others. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 23. The court, however, is not "required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *Id*. at ¶ 37.

**{¶21}** At sentencing, the trial court noted that Mr. Suggs had committed his offenses while on probation. Reviewing his criminal history, it explained to Mr. Suggs that "time and time and time again you've committed violent felonies and you never really seem to be paying the punishment for it. So guess what? Your day has come." It told Mr. Suggs that it had considered "the seriousness of this offense, the dangerousness of this offense, [and] the facts and circumstances of this offense." The court also explained to Mr. Suggs that, "to give you anything less than consecutive sentences would demean the seriousness of the offenses, would not properly protect the public and would not adequately punish you." The court wrote in its sentencing entries that "consecutive sentences are necessary to protect the public from future

crime or to punish the offender and is not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Further, the offender's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." Upon review of the record, we conclude that the trial court's statements at the sentencing hearing and in its sentencing entries were sufficient to satisfy the requirements for consecutive sentences under Section 2929.14(C)(4). *See State v. Giles*, 9th Dist. Summit No. 27339, 2015-Ohio-2132, ¶ 19. Mr. Suggs's fifth assignment of error is overruled.

III.

{¶22} Mr. Suggs's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

MOORE, P. J.
WHITMORE, J.
CONCUR.

APPEARANCES:

WESLEY A. JOHNSTON, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.