[Cite as *State v. Williams*, 2016-Ohio-6972.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

STATE OF OHIO

    Appellee

    v.

CHARLES A. WILLIAMS

    Appellant

C.A. No.     15CA0062-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    10-CR-0125

DECISION AND JOURNAL ENTRY

Dated: September 26, 2016

HENSAL, Judge.

{¶1} Charles Williams appeals his sentence for illegal manufacture of drugs and possession of drugs from the Medina County Court of Common Pleas. For the following reasons, this Court affirms in part and reverses in part.

I.

{¶2} A jury found Mr. Williams guilty of illegal manufacture of drugs and possession of drugs. One offense involved methamphetamine and the other involved oxycodone. The trial court sentenced him to six years for the first offense and twelve months for the second. It ordered him to serve the terms consecutive to each other and consecutive to the prison term he was already serving for a different offense. On appeal, this Court reversed, concluding that the trial court had failed to make the findings required to impose consecutive sentences at the sentencing hearing. On remand, the trial court held a new sentencing hearing and imposed the

same sentence. Mr. Williams has appealed, assigning eight errors. We will address some of the assignments of error together to facilitate our discussion.

## II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT [ERRED] WHEN IT IMPOSED CONSECUTIVE SENTENCES ON THE TWO (2) COUNTS PENDING WITHOUT EXPRESSLY MAKING THE FINDINGS REQUIRED BY O.R.C. 2929.14 DURING THE SENTENCING HEARING AND IN THE SENTENCING ENTRY.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT [ERRED] WHEN IT IMPOSED A SEVEN (7) YEAR PRISON SENTENCE ON MR. WILLIAMS TO BE SERVED CONSECUTIVE TO MR. WILLIAMS['S] PRE-EXISTING TEN (10) YEAR PRISON SENTENCE WITHOUT EXPRESSLY MAKING THE FINDINGS REQUIRED BY O.R.C. 2929.14 DURING THE SENTENCING HEARING AND IN THE SENTENCING ENTRY.

{¶3} Mr. Williams argues that the trial court did not comply with Ohio Revised Code Section 2929.14(C)(4) when it ordered him to serve his two sentences consecutive to each other as well as consecutive to the prison term he was already serving. Section 2929.14(C)(4) provides:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses

so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

If a court does not make the factual findings required by Section 2929.14(C)(4), prison terms are served concurrent to any others. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 23.

**{¶4}** Mr. Williams acknowledges that the trial court recited the necessary language at his sentencing hearing and included it in its sentencing entry. He argues, however, that there is nothing in the record that shows the court actually engaged in the analysis required by Section 2929.14(C)(4). He argues that the trial court failed to offer any explanation for its findings, depriving him of notice of why it found consecutive sentences necessary. He asserts that a sentencing court should be required to explain its findings, which would allow them to be reviewed on appeal.

**{¶5}** In *Bonnell*, the Ohio Supreme Court held that, although a trial court "is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, * * * it has no obligation to state reasons to support its findings." *Id*. at syllabus. It noted that, while other criminal statutes "require a trial court to give reasons in support of its findings, * * * no statute directs a sentencing court to give or state reasons supporting imposition of consecutive sentences." *Id*. at ¶ 27.

**{¶6}** This Court has no authority to modify, much less overrule, any decision of the Ohio Supreme Court. *State v. Cutlip*, 9th Dist. Lorain No. 08CA009353, 2008-Ohio-4999, ¶ 17. We conclude that Mr. Williams has failed to establish that the trial court did not comply with Section 2929.14(C)(4). His first and second assignments of error are overruled.

ASSIGNMENT OF ERROR III

THE TRIAL COURT [ERRED] WHEN IT ISSUED A NUNC PRO TUNC ENTRY ORDERING FOUR HUNDRED AND FIFTY-FIVE (455) DAYS OF CREDIT REPRESENTING DAYS OF CREDIT FROM THE ARRAIGNMENT THROUGH ORIGINAL SENTENCING DATE, FROM THE SENTENCING ENTRY THAT CREDITED ONE THOUSAND SIX HUNDRED AND NINETEEN (1,619) DAYS OF CREDIT FROM ARRAIGNMENT THROUGH RE-SENTENCING DATE.

{¶7} Mr. Williams next argues that the trial court miscalculated the amount of time-served credit he should receive. According to Mr. Williams, he is entitled to credit for the time he spent in custody between his arrest and when he posted bond, the time that he was incarcerated before his case went to trial, and any time that he was incarcerated between his original sentencing hearing and the resentencing hearing.

{¶8} Section 2929.19(B)(2)(g)(i) provides that, if the sentencing court determines that a prison term is necessary or required, it must determine and include in the sentencing entry the number of days "for which the * * * department of rehabilitation and correction must reduce the stated prison term under section 2967.191 of the Revised Code." Section 2967.191 provides that a defendant's prison term shall be reduced by "the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced[.]"

{¶9} In its original sentencing entry, the trial court wrote that Mr. Williams was entitled to 455 days of credit, which he admits is the time he spent in custody before his initial sentencing hearing. At the resentencing hearing, the parties did not discuss Mr. Williams' time-served credit, and the trial court merely told him that he was entitled to credit for time served. In its resentencing entry, the trial court wrote that Mr. Williams was entitled to 1,619 days of credit. According to Mr. Williams, that apparently included the original 455 days plus each day between

the original sentencing hearing and the resentencing hearing.  Nine days later, however, the trial court issued a nunc pro tunc resentencing entry, which reduced Mr. Williams' time-served credit back to 455 days.  *See State v. Thomas*, 9th Dist. Summit No. 21472, 2004-Ohio-964, ¶ 11-12 (explaining that a trial court may correct its time-served credit by a nunc pro tunc order).  The State argues that the reduction is because, even though Mr. Williams was incarcerated between the original sentencing hearing and the resentencing hearing, it was not for the offenses involved in this case.

**{¶10}**  In its original sentencing entry, the trial court ordered Mr. Williams to serve his sentences in this case consecutive to his sentence for an offense he had committed in a different county.  The record indicates that Mr. Williams received a ten-year sentence for that offense in 2010.  Accordingly, the time he served between his original sentencing in 2012 and his resentencing in 2015 was for the other offense.  Because Mr. Williams was only entitled to time-served credit for time he was "confined for any reason arising out of the[se] offense[s,]" we conclude that the trial court correctly adjusted his time-served credit back to 455 days.  R.C. 2967.191.  Mr. Williams' third assignment of error is overruled.

ASSIGNMENT OF ERROR IV

THE TRIAL COURT [ERRED] WHEN IT IMPOSED A MANDATORY SIX (6) YEAR PRISON SENTENCE.

**{¶11}**  Mr. Williams next argues that the trial court should have only made mandatory the first four years of his sentence for illegal manufacture of drugs.  He notes that Section 2925.04(C)(3)(b) provides that, if the drug involved in that offense is methamphetamine and certain other conditions apply, "the court shall impose as a mandatory prison term one of the prison terms prescribed for a felony of the first degree that is not less than four years."

According to Mr. Williams, under that language, only the first four years of the prison terms should be mandatory.

{¶12} In *State v. Ware*, 141 Ohio St.3d 160, 2014-Ohio-5201, the Ohio Supreme Court considered similar language and concluded that "the punishment [is] clear[.]" *Id*. at ¶ 13. Under such language, "prison was mandatory-and judicial release therefore impossible-for the length of whichever [prison term] the trial court impose[d.]" *Id*. Accordingly, if a statute contains language directing the trial court to "impose as a mandatory prison term" one of a list of prison terms, no matter what term the court imposes, the "entire prison term [is] mandatory by operation of law." *Id*. at ¶ 13, 14. Mr. Williams' fourth assignment of error is overruled.

## ASSIGNMENT OF ERROR V

THE TRIAL COURT [ERRED] IN ORDERING A $20,000 FINE AND SUSPENDING SAME.

{¶13} Mr. Williams next argues that the trial court erred when it wrote in its judgment entry that his fine would be suspended. Mr. Williams notes that, at the sentencing hearing, the court told him that it was going to waive the fine because of his indigence, not suspend it.

{¶14} The State acknowledges that the trial court's entry is inconsistent with what it told Mr. Williams at his sentencing hearing. Upon review of the record, we agree with Mr. Williams that there is a significant difference between whether his fine is waived or merely suspended. *See* R.C. 2929.18(B)(1) (providing that the trial court shall impose a fine of at least half of the maximum amount for an offense under Chapter 2925 unless the offender is indigent and unable to pay the mandatory fine). Because it is not clear from the record whether the trial court made a mistake at the sentencing hearing or in its sentencing entry, this case must be remanded so that the trial court can resolve that issue. Mr. Williams' fifth assignment of error is sustained.

## ASSIGNMENT OF ERROR VI

TRIAL COUNSEL WAS INEFFECTIVE IN NOT PURSUING A MOTION TO ENFORCE A SETTLEMENT AGREEMENT REACHED BETWEEN THE PARTIES.

**{¶15}** Mr. Williams next argues that his trial counsel was ineffective for not asking the trial court to enforce a plea agreement that he reached with the State of Ohio before trial. The record indicates that, before trial, Mr. Williams and the State reached a plea agreement, which included a recommendation about the sentence he should receive. The trial court, however, refused to accept the agreement. In his first appeal, Mr. Williams initially included an assignment of error about the failed plea agreement. He later withdrew it. Nevertheless, he argues that his counsel should have moved for enforcement of the plea agreement during the resentencing hearing.

**{¶16}** To prevail on a claim of ineffective assistance of counsel, Mr. Williams must show (1) that counsel's performance was deficient to the extent that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and (2) that but for counsel's deficient performance the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A deficient performance is one that falls below an objective standard of reasonable representation. *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph two of the syllabus. A court, however, "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland* at 689, quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955). Further, to establish prejudice, Mr. Williams must show that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different. *Id.* at 694.

{¶17} Criminal Rule 11(C)(2) gives a trial court the option of refusing to accept a plea of guilt. The trial court refused Mr. Williams' plea, and he did not seek to have its decision reversed on appeal. Accordingly, on remand, there was no plea agreement that Mr. Williams' counsel could seek to enforce. His lawyer's performance was not deficient for failing to seek enforcement of a plea agreement that did not exist. Mr. Williams' sixth assignment of error is overruled.

## ASSIGNMENT OF ERROR VII

THE STATUTORY STRUCTURE AND FRAMEWORK TO IMPOSE CONSECUTIVE SENTENCES IS UNCONSTITUTIONAL.

{¶18} Mr. Williams also argues that Section 2929.14(C)(4) violates his due process rights because it allows a sentencing court to make the findings that are required for consecutive sentences without explaining its reason for those findings. He argues that merely reciting the statutory language does not provide him adequate notice of the reasons for consecutive sentences.

{¶19} The Ohio Supreme Court has recognized that "there is no constitutional requirement that a judge make findings of fact before imposing consecutive sentences." *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, ¶ 26, citing *Oregon v. Ice*, 555 U.S. 160, 169-170 (2009). Accordingly, we cannot conclude that Section 2929.14(C)(4) is unconstitutional because it allows the trial court to make consecutive-sentence findings without giving reasons for its findings. Mr. Williams' seventh assignment of error is overruled.

## ASSIGNMENT OF ERROR VIII

THE TRIAL COURT [ERRED] IN FAILING TO ORDER A CONCURRENT SENTENCE AT THE RESENTENCING HEARING.

{¶20} In his last assignment of error, Mr. Williams argues that the trial court should only have had one opportunity to make the findings required to impose consecutive sentences. He argues that, because the default is concurrent sentences, if an appellate court determines that the trial court failed to make the findings required to impose consecutive sentences, the trial court should be required to impose concurrent sentences on remand. It should not get multiple attempts to make such findings.

{¶21} In Mr. Williams's previous appeal, this Court concluded that the trial court failed to make the findings required to impose consecutive sentences and "remand[ed] the matter for resentencing." *State v. Williams*, 9th Dist. Medina No. 14CA0072-M, 2015-Ohio-2197, ¶ 9. This Court did not place any limits on the scope of the remand, and Mr. Williams did not attempt to appeal its scope to the Ohio Supreme Court. We, therefore, conclude that his argument is barred by the doctrine of law of the case. *Nolan v. Nolan*, 11 Ohio St.3d 1, 3 (1984). We also conclude that the resentencing did not violate Mr. Williams's due process rights. *Compare State v. Jackson*, 7th Dist. Mahoning No. 15 MA 93, 2016-Ohio-1063, ¶ 28-29 (requiring trial court to impose concurrent sentences after it had failed to make consecutive sentence findings three separate times). Mr. Williams' eighth assignment of error is overruled.

III.

{¶22} Mr. Williams' fifth assignment of error is sustained. His remaining assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed in part and reversed in part, and this matter is remanded to the trial court to clarify whether Mr. Williams' fine is waived or suspended.

Judgment affirmed in part,
reversed in part,
and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

 

JENNIFER HENSAL
FOR THE COURT

MOORE, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

MICHAEL J. CALLOW, Attorney at Law, for Appellant.

DEAN HOLMAN, Prosecuting Attorney, and MATTHEW A. KERN, Assistant Prosecuting Attorney, for Appellee.