[Cite as *State v. Bennett*, 2018-Ohio-3935.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

ERNEST BENNETT

    Appellant

C.A. Nos.     28842
                         28843

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE Nos.    CR 2015-11-3672
                   CR-2017-02-0513

DECISION AND JOURNAL ENTRY

Dated: September 28, 2018

CARR, Judge.

**{¶1}** Defendant-Appellant Ernest Bennett appeals from the judgments of the Summit County Court of Common Pleas. This Court affirms but remands for the issuance of a nunc pro tunc entry in the 2015 case.

I.

**{¶2}** In December 2015, an indictment was filed charging Bennett with possession of heroin, a first degree felony, illegal use or possession of drug paraphernalia, a misdemeanor of the fourth degree, trafficking in heroin, a first degree felony, and driving under suspension, a misdemeanor of the first degree. A forfeiture specification accompanied the possession and trafficking in heroin counts.

**{¶3}** While Bennett was out on bond in the above case, in February 2017, an indictment was filed charging Bennett with trafficking in heroin, a second degree felony,

possession of heroin, a second degree felony, trafficking in cocaine, a third degree felony, possession of cocaine, a third degree felony, illegal use or possession of drug paraphernalia, a misdemeanor of the fourth degree, two counts of having weapons while under disability, felonies of the third degree, and receiving stolen property, a felony of the fourth degree. The first four counts included an accompanying forfeiture specification.

{¶4} The matters proceeded to a combined plea hearing at which Bennett pleaded guilty to trafficking in heroin with the accompanying forfeiture specification in the 2015 case. With respect to the 2017 case, he pleaded guilty to possession of heroin, one count of having weapons while under disability, and possession of cocaine with the accompanying forfeiture specification. The remaining counts and specifications in both cases were dismissed.

{¶5} At the combined sentencing hearing on the 2015 and 2017 cases, the trial court sentenced Bennett to an aggregate term of 16 years in prison; the trial court sentenced him to a total of 9 years in the 2015 case and 7 years in the 2017 case and ordered the total sentences in the two cases to run consecutively to each other. The trial court thereafter filed a nunc pro tunc entry in the 2015 case, clarifying that the sentence for trafficking in heroin was a mandatory sentence. Bennett then filed appeals in both cases, which were subsequently consolidated.

{¶6} Bennet has raised two assignments of error for our review.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERRED TO THE PREJUDICE OF MR. BENNETT BY IMPOSING ALMOST THE MAXIMUM SENTENCE [] AND IMPOSING CONSECUTIVE SENTENCES IN VIOLATION OF MR. BENNETT'S RIGHTS UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND ARTICLE I, SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION.

{¶7} Bennett argues in his first assignment of error that the trial court failed to comply with R.C. 2929.14(C)(4) in imposing consecutive sentences in the two cases.

{¶8} "In reviewing a felony sentence, '[t]he appellate court's standard for review is not whether the sentencing court abused its discretion.'" *State v. Tucker,* 9th Dist. Lorain Nos. 16CA010963, 16CA010964, 2017-Ohio-4215, ¶ 8, quoting R.C. 2953.08(G)(2). "[A]n appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence" that: (1) "the record does not support the trial court's findings under relevant statutes," or (2) "the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St. 3d 516, 2016-Ohio-1002, ¶ 1. "Clear and convincing evidence is that 'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Tucker* at ¶ 8, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶9} R.C. 2929.14(C)(4) provides that:

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶10} "If a court does not make the factual findings required by Section 2929.14(C)(4), prison terms are served concurrent to any others." *State v. Suggs*, 9th Dist. Summit Nos. 27812, 27865, 27866, 2016-Ohio-5692, ¶ 20, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 23. "When imposing consecutive sentences, a trial court must state the required findings as part of the sentencing hearing[; h]owever, a word-for-word recitation of the language of the statute is not required[.] [A]s long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." (Internal quotations and citations omitted.) *State v. Blackert*, 9th Dist. Summit Nos. 27314, 27315, 2015-Ohio-2248, ¶ 10.

{¶11} "[T]he court should also incorporate its statutory findings into the sentencing entry. A trial court's inadvertent failure to incorporate the statutory findings in the sentencing entry after properly making those findings at the sentencing hearing does not render the sentence contrary to law; rather, such a clerical mistake may be corrected by the court through a nunc pro tunc entry to reflect what actually occurred in open court." (Internal citation and quotations omitted.) *State v. Kilmire*, 9th Dist. Summit Nos. 27319, 27320, 2015-Ohio-665, ¶ 16, quoting *Bonnell* at ¶ 29-30. Moreover, "although a trial court 'is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, * * * it has no obligation to state reasons to support its findings.'" *State v. Williams*, 9th Dist. Medina No. 15CA0062-M, 2016-Ohio-6972, ¶ 5, quoting *Bonnell* at syllabus.

{¶12} At the combined sentencing hearing on these two cases, the trial court found that "consecutive sentences are necessary in this case to protect the public from future crime or to punish the defendant, and that consecutive sentences are not disproportionate to the seriousness of the crimes and the danger that the defendant poses to the public." *See* R.C. 2929.14(C)(4). In

addition, the trial court found that, in light of "the Defendant's history of criminal conduct, that consecutive sentences are necessary to protect the public form future crimes by the defendant." R.C. 2929.14(C)(4)(c). Accordingly, the trial court made the findings required by R.C. 2929.14(C)(4).

{¶13} Additionally, with respect to the 2017 case, in the judgment entry, the trial court ordered that "the sentences imposed in this case be served concurrently with each other but consecutively to the sentence imposed in [the 2015 case]" and also incorporated the R.C. 2929.14(C)(4) findings into the entry. (Emphasis omitted.) However, with respect to the 2015 case, in the judgment entry, the trial court ordered that "the sentence imposed in this case be served consecutively to the sentence imposed in [the 2017 case,]" but did not include the R.C. 2929.14(C)(4) findings it made at the sentencing hearing in the entry. (Emphasis omitted.)

{¶14} In the past, in a similar case also involving two cases with a combined sentencing hearing, this Court has concluded that, while the failure to include the findings in one of the entries does not render the sentence contrary to law, it does require that the trial court issue a nunc pro tunc entry in the case with the entry that does not contain the findings so that the trial court can incorporate the findings into that entry. *See Kilmire* at ¶ 3, 18-19.

{¶15} Bennett's first assignment of error is overruled but the matter is remanded for the trial court to issue a nunc pro tunc entry in the 2015 case to include the required findings in the judgment entry. *See Kilmire* at ¶ 19, 21.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT'S IMPOSITION OF A 16-YEAR SENTENCE WAS DISPROPORTIONATE AND UNREASONABLE IN VIOLATION OF R.C. 2929.11(B), EQUAL PROTECTION AND 8TH AMENDMENT TO THE UNITED STATES CONSTITUTION.

**{¶16}** Bennett argues in his second assignment of error that his aggregate 16 year prison sentence was disproportionate and inconsistent with sentences imposed for similar crimes. Bennett has not argued that his sentences were outside the permissible range or otherwise challenged their validity.

**{¶17}** In the instant matter, the trial court ordered a presentence investigation report, which was frequently referenced during the sentencing hearing. Bennett requested that the record be supplemented with a copy of the presentence investigation report, and this Court granted the motion. In the order granting the motion, this Court informed Bennett that he could "supplement the record by instructing the Probation Department to transmit the report to the appellate clerk's office under seal." *State v. Bennett*, 9th Dist. Summit Nos. 28842, 28843 (February 28, 2018). It appears that Bennett failed to take the steps necessary to ensure the presentence investigation report became part of the record, as the docket does not reflect that the report was filed in these appeals. Thus, the presentence investigation report has not been made a part of the record on appeal.

**{¶18}** It is Bennett's burden to ensure the record contains all matters necessary for the Court to review the issues on appeal. *State v. Yuschak*, 9th Dist. Medina No. 15CA0055-M, 2016-Ohio-8507, ¶ 64. "This Court has consistently held that, where the appellant has failed to provide a complete record to facilitate appellate review, this Court is compelled to presume regularity in the proceedings below and affirm the trial court's judgment." (Internal quotations and citation omitted.) *Id.* "In cases such as this where the [presentence investigation report] is necessary to enable an appropriate review of the propriety of the sentence, [Bennett's] failure to ensure that the record includes the [report] requires a presumption of regularity in the sentencing

proceedings." (Internal quotations and citation omitted.) *Id.* Bennett's argument is overruled on that basis.

{¶19} Bennett's second assignment of error is overruled.

III.

{¶20} Bennett's assignments of error are overruled, but the matter is remanded for the trial court to issue a nunc pro tunc entry in the 2015 case to incorporate the R.C. 2929.14(C)(4) findings the trial court made at the sentencing hearing.

Judgment affirmed,
and cause remanded.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

SCHAFER, P. J.
CALLAHAN, J.
CONCUR.


APPEARANCES:

DAVID G. LOMBARDI, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant
Prosecuting Attorney, for Appellee.