[Cite as *State v. Church*, 2023-Ohio-986.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No.     22CA0035-M |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| RODNEY CHURCH | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | CASE No.     21CR0569 |

DECISION AND JOURNAL ENTRY

Dated: March 27, 2023

FLAGG LANZINGER, Judge.

{¶1}   Rodney Church appeals his sentence from the Medina County Court of Common Pleas. For the following reasons, this Court affirms.

I.

{¶2}   A grand jury indicted Mr. Church on three counts of gross sexual imposition in violation of R.C. 2907.05(A)(1), all of which were fourth-degree felonies under R.C. 2907.05(C)(1). The charges stemmed from three separate incidents wherein Mr. Church had unlawful sexual contact with three separate victims. In the first incident, Mr. Church approached the victim, who was a minor, in a Walmart parking lot, "squeezed her butt[,]" and then ran away. In the second incident, Mr. Church approached the victim from behind on a sidewalk, grabbed her by the hips, and then attempted to insert his fingers into her vagina over her clothing. The victim screamed, and Mr. Church quickly walked away. In the third incident, Mr. Church approached the victim, who was a minor, in a Target parking lot, grabbed her inner thigh, and then groped her

vaginal area until the victim broke free and walked into the store where she reported the incident. The first incident occurred on June 29, 2021, and the second and third incidents occurred two days later on July 1, 2021.

{¶3} After initially pleading not guilty, Mr. Church pleaded guilty to all three counts and the trial court ordered a presentence investigation ("PSI"). The PSI report indicated that Mr. Church has a criminal history that includes two OVI offenses (one as a juvenile and one as an adult), and misdemeanor convictions for criminal trespass and disorderly conduct. The PSI report also included Mr. Church's version of the events wherein Mr. Church claimed that: (1) he accidentally ran into the first victim at Walmart; (2) someone else touched the second victim on the sidewalk; (3) he never touched the third victim at Target; and (4) he only pleaded guilty because he made a deal with the prosecutor.

{¶4} The trial court then held two sentencing hearings. At the first hearing, the State informed the trial court that, pursuant to an agreement it made with Mr. Church, the State recommended a one-year prison sentence. The trial court indicated that it was not bound by that agreement, that the PSI report indicated that Mr. Church refused to take responsibility for his actions, and that it did not intend to impose only a one-year prison sentence. The trial court then rescheduled the sentencing hearing for the next week to allow the parties to consider the fact that the trial court would not be imposing their agreed upon one-year prison sentence.

{¶5} A week later, at the second sentencing hearing, Mr. Church's defense counsel acknowledged that the PSI report reflected that Mr. Church was not taking responsibility for his actions. Mr. Church's defense counsel maintained, however, that Mr. Church consistently expressed remorse to her, and that he wished to apologize to the victims. The trial court then addressed Mr. Church, who indicated that he wished to apologize to the victims for what he had

done. When the trial court asked Mr. Church what he had done, Mr. Church began by stating that he "allegedly * * * touched" the victims before the trial court interrupted Mr. Church about his use of the word "allegedly[.]" Mr. Church then admitted that he "touched" the victims and apologized for his actions.

{¶6}   The trial court then read portions of the PSI report to Mr. Church, including the portion where Mr. Church claimed he accidentally touched the first victim at Walmart, claimed someone else touched the second victim on the sidewalk, and denied touching the third victim at Target. The trial court also read the portion of the PSI wherein Mr. Church indicated that he pleaded guilty because it was part of the deal he reached with the prosecutor. Mr. Church told the trial court that he was nervous when he was talking to the probation department during the course of the PSI, but admitted to making the statements contained within the PSI report.

{¶7}   One of the victims then spoke in open court. The victim stated that she did not accept Mr. Church's apology, that the incident caused her life to "turn upside down[,]" and that she struggled daily to cope with being a victim of sexual assault. After the victim made her statement, the trial court informed Mr. Church of his responsibility to register as a Tier I sex offender and sentenced him to 18 months of imprisonment on each of the three counts. The trial court ordered each 18-month sentence to run consecutively for a total of 54 months of imprisonment. Mr. Church now appeals his sentence on the basis that the trial court erred by imposing the maximum sentence available.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED BY SENTENCING APPELLANT [TO] THE MAXIMUM SENTENCE AVAILABLE CONTRARY TO THE RELEVANT SENTENCING FACTORS.

{¶8} In his sole assignment of error, Mr. Church argues that the trial court erred by imposing the maximum sentence available. For the following reasons, this Court disagrees.

{¶9} In reviewing a felony sentence, "[t]he * * * standard for review is not whether the sentencing court abused its discretion." R.C. 2953.08(G)(2). "[A]n appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence" that: (1) "the record does not support the trial court's findings under relevant statutes[,]" or (2) "the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶10} A sentencing court has "full discretion to impose a prison sentence within the statutory range" and is not "required to make findings or give their reasons for imposing * * * more than the minimum sentence[]." *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, paragraph seven of the syllabus. "[N]evertheless, * * *, the court must carefully consider the statutes that apply to every felony case. Those include R.C. 2929.11, which specifies the purposes of sentencing, and R.C. 2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender." *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, ¶ 38. "Unless the record shows that [a] court failed to consider the factors, or that the sentence is 'strikingly inconsistent' with the factors, the court is presumed to have considered the statutory factors if the sentence is within the statutory range." *State v. Fernandez*, 9th Dist. Medina No. 13CA0054-M, 2014-Ohio-3651, ¶ 8, quoting *State v. Boysel*, 2d Dist. Clark No. 2013-CA-78, 2014-Ohio-1272, ¶ 13.

{¶11} R.C. 2929.14(A)(4) provides that the maximum penalty for a fourth-degree felony is 18 months. As previously noted, the trial court sentenced Mr. Church to 18 months of imprisonment on each count and ordered each sentence to run consecutively for a total of 54 months of imprisonment. As the Ohio Supreme Court has stated:

> In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings. Nor is it required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry.

*State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 37. "[A]s long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *State v. Bennett*, 9th Dist. Summit Nos. 28842, 28843, 2018-Ohio-3935, ¶ 10, quoting *State v. Blackert*, 9th Dist. Summit Nos. 27314, 27315, 2015-Ohio-2248, ¶ 10.

{¶12} R.C. 2929.14(C)(4) provides:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶13} Here, the trial court stated at the sentencing hearing that it considered the principles and purposes of sentencing, as well as the seriousness and recidivism factors under R.C. 2929.12. The trial court stated, in part, that:

> The Court's going to make a finding in this particular case to impose consecutive sentences because they are necessary to protect the public and punish the offender. They are not disproportionate, and the Court further finds that the harm in this case was so great and unusual that a single term would not adequately reflect the seriousness of the conduct.

{¶14} In its sentencing entry, the trial court indicated that it considered the record, oral statements, victim impact statements, the PSI report, and the principles and purposes of sentencing under R.C. 2929.11. The trial court also indicated that it considered the seriousness and recidivism factors under R.C. 2929.12. Regarding the seriousness factors, the trial court found that a more serious factor existed in this case because "the victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense." Regarding the recidivism factors, the trial court found that Mr. Church was more likely to commit future crimes because he has a history of criminal convictions, and he showed no genuine remorse for the offenses.

{¶15} In ordering Mr. Church's 18-month sentences to run consecutively, the trial court indicated that it considered the factors set forth in R.C. 2929.14(C)(4). The trial court noted that Mr. Church has a significant criminal history and found that consecutive prison terms were necessary to protect the public from future crime and to punish the offender. The trial court also found that consecutive sentences were not disproportionate to the seriousness of Mr. Church's conduct and to the danger he posed to the public. The trial court further found that the harm caused by the three offense was so great or unusual that no single prison term for any of the offenses

committed as part of any of the courses of conduct would adequately reflect the seriousness of Mr. Church's conduct.

{¶16} Mr. Church has not established that the record does not support the trial court's findings under the relevant statutes, or that his sentence is otherwise contrary to law. *Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, at ¶ 1. The trial court specifically indicated that it considered the relevant sentencing statutes, including R.C. 2929.11 and R.C. 2929.12, and explained its reasoning for imposing consecutive sentences under R.C. 2929.14(C)(4). The trial court had full discretion to impose a prison sentence within the statutory range, including a maximum sentence, and Mr. Church has not established that the trial court erred by doing so. As a result, Mr. Church's assignment of error is overruled.

III.

{¶17} Mr. Church's assignment of error is overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to

mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JILL FLAGG LANZINGER
FOR THE COURT

SUTTON, P. J.
CARR, J.
CONCUR.

APPEARANCES:

YU MI KIM-REYNOLDS, Attorney at Law, for Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and VINCENT V. VIGLUICCI, Assistant Prosecuting Attorney, for Appellee.